**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| JERMARKUS ENOUCH KELLY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:15-CV-0337-CAR-MSH |
| Officer JONES, *et al.*, | : | |
| | : | |
| Defendants | : | |
| _____ | | |

**ORDER AND
RECOMMENDATION**

Presently pending before the Court is Defendants' motion for summary judgment (ECF No. 50). The Court recommends that Defendants' motion be granted. Additionally pending is Plaintiff's "Dispositive Motion for Judgment in His Favor" (ECF No. 49). The Court recommends that Plaintiff's motion be denied. Also pending are Plaintiff's motions to compel (ECF Nos. 45, 57). Those motions are denied.

**BACKGROUND**

Plaintiff filed claims for relief pursuant to 42 U.S.C. § 1983 against multiple prison officials at Hancock State Prison ("HSP") in Sparta, Georgia, arising from an alleged slamming of Plaintiff's hand in the tray slot on the door of Plaintiff's cell. *See generally* Compl., ECF No. 1. Plaintiff's claims for excessive force against Defendant Jones and for deliberate indifference against Defendant Pleas remain.

Plaintiff generally alleges that while incarcerated at HSP on May 26, 2014 at approximately 5:35 pm, Plaintiff was in his cell awaiting delivery of his evening food

tray from prison officials through the tray slot on his cell door. Compl. 2. Plaintiff

contends that he did not receive his vegan food tray, and requested that Defendant Jones

bring him his tray. While making this request, Plaintiff's right hand was positioned in the

tray flap. *Id.* Plaintiff avers that Defendant Jones "then became very hostile and started

slamming the tray flap close[d] on [Plaintiff's] hand." *Id.* Plaintiff alleges that

Defendant Jones slammed the try flap on Plaintiff's fingers four times, locked the tray

flap closed with Plaintiff's pinky finger still trapped in the flap, and walked away. *Id.*

Plaintiff contends that Plaintiff spoke to other officers about the incident who then

called Defendant Pleas to Plaintiff's cell. *Id.* at 3. Plaintiff avers that he showed his

injured pinky to Defendant Pleas, informing Defendant Pleas that he was experiencing "a

lot of pain and [Plaintiff] needed to see medical right away." *Id.* Plaintiff alleges that

Defendant Pleas then "became deliberately indifferent" and refused to send Plaintiff for a

medical evaluation. *Id.* Plaintiff contends that he was taken to medical the next day,

May 27, 2014, and was eventually diagnosed with a fractured right pinky. *Id.*

## DISCUSSION

I. **Defendants' Motion for Summary Judgment**

A. Summary Judgment Standard

Summary judgment may be granted only "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact

exists to defeat a motion for summary judgment, the evidence is viewed in the light most

favorable to the party opposing summary judgment, drawing all justifiable inferences in

the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

B.     Undisputed Material Facts

Defendant Jones was employed as an HSP officer from August 2013 to June 2014 and was on duty on May 26, 2014.  Jones Aff. ¶ 5, ECF No. 50-5.  Plaintiff was incarcerated at HSP in cell 217 of building G1 as a Tier II inmate posing "a threat to the safe and secure operation of the facility."  Jones Aff. ¶¶ 4-5; Kelly Dep. 27:23-25, ECF No. 50-6.  The door to Plaintiff's cell has a rectangular, heavy, steel flap through which inmates are delivered their meal trays.  *Id.* at ¶ 6; Kelly Dep. 36:03-15.  The flap may only be opened by officers from the outside, and the flap must remain closed unless an officer has opened the flap to pass an inmate a tray or to handcuff an inmate.  Jones Aff. ¶ 6.

When Defendant Jones passed Plaintiff's cell on the afternoon of May 26, 2014, Plaintiff was propping the flap on his cell door open with his hand.  Jones Aff. ¶ 8; Kelly Dep. 29:03-13, 31:06-19.  Inmates are forbidden from "bucking the flap" by propping open a flap and placing hands through the flap without permission.  Jones Aff. ¶ 8; Kelly Dep. 32:01-05, 41:16-42:02.  Plaintiff was propping open the flap in an attempt to get an officer's attention to request service of his vegan meal tray.  Jones Aff. ¶ 9; Kelly Dep. 31:06-25, 33:01-08.  Defendant Jones ordered Plaintiff to remove his hand and cease propping open the flap.  Jones Aff. ¶ 9; Kelly Dep. 27:13-20, 32:13-23.  Plaintiff's hand

was struck by the flap.  Kelly Dep. 30:16-31:05, 34:16-35:02, 36:19-37:04, 38:13-39:01.

Defendant Jones locked Plaintiff's flap so that Plaintiff could not open the flap from

inside the cell.  Jones Aff. ¶ 11; Kelly Dep. 31:03-05, 34:25-35:02.  Defendant Jones then

walked away from Plaintiff's cell.  Jones Aff. ¶ 13; Kelly Dep. 31:03-05, 38:16, 42:21-

43:02.  Defendant Pleas was also an officer on duty at HSP on the afternoon of May 26,

2014.  Pleas Aff. ¶ 6 & Ex. A, ECF No. 50-4.

      C.     Excessive Force Claim Against Defendant Jones

      Defendants move for summary judgment, arguing that Plaintiff's excessive force

claim against Defendant Jones fails as a matter of law.  Specifically, Defendants argue

that Plaintiff's actions represented a security threat which justified the use of force by

Defendant Jones.  Mem. in Supp. of Summ. J. 4-10, ECF No. 50-2.  Plaintiff responded

to Defendants' motion on November 14, 2016.  (ECF No. 54.)  The Court recommends

that Defendants' motion be granted because the uncontested evidence shows that

Defendants' use of force was not malicious or sadistic.

      Whether an Eighth Amendment constitutional violation occurred "ultimately turns

on whether force was applied in a good faith effort to maintain or restore discipline[,] or

[whether force was applied] maliciously and sadistically for the very purpose of causing

harm."  *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotation marks and citation

omitted).  In order to determine if force was used "maliciously and sadistically to cause

harm," the Court looks to: "(1) the extent of injury; (2) the need for application of force;

(3) the relationship between that need and the amount of force used; (4) any efforts made

to temper the severity of a forceful response; (5) the extent of the threat to the safety of

staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (internal quotation marks and citation omitted). "When considering these factors, we give a wide range of deference to prison officials acting to preserve discipline and security[.]" *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (internal quotation marks and citation omitted). "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 599 U.S. 34, 57 (2010).

The parties have conflicting versions of the facts. These conflicting versions are supported by affidavits and depositions by the parties. *See, e.g.,* Jones Aff.; Kelly Dep. Under Plaintiff's version of the facts, Defendant Jones purposely struck Plaintiff's hand with the tray slot flap and ignored Plaintiff's screams after locking Plaintiff's right pinky in the flap. *Id.* at 36:19-37:03. The parties agree that Defendant Jones ordered Plaintiff to remove Plaintiff's hand from the flap and locked the flap after it shut. The Court cannot make credibility determinations at the summary judgment stage to determine whose version of the events is believable. *See, e.g., Hasemeier v. Shepard*, 252 F. App'x 282, 285 (11th Cir. 2007). However, viewing the evidence in the light most favorable to Plaintiff, the evidence fails to present a question of fact as to whether Defendant Jones acted maliciously and sadistically to use excessive force.

Evidence shows a legitimate need for the application of force. Plaintiff admits that his hand was placed in the flap and that Defendant Jones ordered Plaintiff to remove Plaintiff's hand from the flap. Kelly Dep. 27:13-20, 32:13-23. Plaintiff also admits that he refused to comply with the order to remove his hand from the flap, even after

Defendant allegedly struck his hand with the flap four times. Kelly Dep. 27:13-20, 37:01-07. Prison guards may use force in order to restore order when an inmate creates a disturbance. *Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir. 1990). Plaintiff created a disturbance for which the use of force was permitted by refusing to comply with the order to retract his hand from the tray flap. *Brockington v. Stanco*, 5:14-cv-38, 2016 WL 4443204, at *3-4 (M.D. Ga. May 25, 2016) (holding that an inmate's refusal to remove his arm from a tray flap constituted a disturbance requiring the use of force). Furthermore, Courts have specifically found that an inmate sticking his arm through a cell tray flap constitutes a risk to safety, justifying the use of force. *Id.* at *5-6 ( "At least one officer's attention was diverted from maintaining security throughout the facility to the task of forcing Plaintiff to comply with orders."); *Moore v. James*, 7:09-cv-98, 2013 WL 1296775, at *3 (M.D. Ga. Mar. 27, 2013) (holding that an open tray flap presents general safety risks).

Defendant Jones' use of force in closing and locking the flap was proportional to the need for force. Even if Defendant Jones slammed the flap onto Plaintiff's hand and locked the flap with Plaintiff's pinky still in the flap, as Plaintiff alleged, such use of force would not be excessive. *See Johnson v. Moody*, 206 F. App'x. 880, 884 (11th Cir. 2006) (holding that a guard's kicking a flap and breaking an inmates finger did not constitute excessive force when the inmate refused to remove his arm from the flap). Additionally, although Plaintiff alleges that his finger was broken, medical examinations revealed that Plaintiff's middle finger joint injury was routine, only requiring Tylenol and a splint for treatment. Thomas Aff. ¶¶ 6-9 & Attach. 1 at 7, ECF No. 50-3. The force

utilized by Defendant Jones on Plaintiff, in light of Plaintiff's actions presenting a security threat, thus fails to rise to an excessive level. Accordingly, the Court recommends that Plaintiff's claim against Defendant Jones be dismissed.

      D.     Deliberate Indifference Claim Against Defendant Pleas

Defendants move for summary judgment, arguing that Plaintiff's deliberate indifference to medical needs claim against Defendant Pleas similarly fails as a matter of law. Mem. in Supp. of Summ. J. 10-14. The Court recommends that Defendants' motion be granted because the uncontested evidence shows that Plaintiff did not suffer a serious injury, Defendant Pleas was not deliberately indifferent towards Plaintiff's needs, and Defendant did not cause Plaintiff's injury through deliberate indifference.

"The Eighth Amendment's prohibition against cruel and unusual punishments protects a prisoner from deliberate indifference to serious medical needs." *Kuhne v. Fla. Dep't of Corr.*, 745 F.3d 1091, 1094 (11th Cir. 2014) (internal quotation marks and citations omitted). "[T]o prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

"A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks and citation omitted). Here, Plaintiff suffered a "slightly swollen" middle pink joint. Thomas Aff. ¶ 9 & Attach. 3 at 11.

Plaintiff was prescribed Tylenol, instructed to apply ice, and told that the finger would heal itself if Plaintiff wore a splint. Thomas Aff. ¶¶ 6, 9, Attach. 1 at 7, Attach. 3 at 11. Plaintiff also claims that his pinky continues to pop and sometimes causes him pain when it is cold. Kelly Dep. 26:02-16. Courts have held that broken or bleeding fingers do not constitute serious injuries. *Duran v. Donaldson*, 663 Fed. App'x. 684, 689 (10th Cir. 2016) (holding that "decreased grip strength and discomfort in [a] finger do not rise to the level of an objectively, sufficiently serious injury" where plaintiff broke a finger); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001) ("Certainly . . . a cut finger, even where skin is 'ripped off' . . . does not, as a matter of law, qualify as an injury severe enough to justify civil rights relief.") Similarly, here, the injury to Plaintiff's finger fails to rise to the level of a serious injury necessary to sustain a deliberate indifference claim.

Even if the damage to Plaintiff's finger constituted a serious injury, Plaintiff does not show that Defendant Pleas acted with deliberate indifference. In order to succeed on a deliberate indifference claim, a prisoner must show that a prison official had "subjective knowledge of a risk of serious harm" and "disregard of that risk . . . by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted). Here, Plaintiff contends that Defendant Pleas witnessed Plaintiff's injured finger but did not contact medical staff immediately. Kelly Dep. 43:11-44:25. Plaintiff was seen by medical staff at 2:40 pm the next day, May 27, 2014—less than twenty-four hours after the alleged injury occurred. Thomas Aff. ¶ 7 & Attach. 1. At that appointment, medical staff described Plaintiff's wound as "routine" and "not urgent

or serious." Thomas Aff. ¶ 7 & Attach. 1 at 7. A defendant acts with deliberate indifference by intentionally delaying treatment of an inmate only when such delay exacerbates the inmate's existing injury. *Lindley v. Birmingham*, 652 F. App'x. 801, 807 (11th Cir. 2016) (citations omitted). Plaintiff does not explain how Defendant Pleas' failure to immediately take Plaintiff to medical exacerbated Plaintiff's injury. Because Plaintiff only suffered light swelling, requiring ice and a splint, Defendant Pleas' alleged actions did not contribute to any worsening of Plaintiff's existing finger injury. Thus, the Court recommends that Defendants' motion for summary judgment on Plaintiff's deliberate indifference claim be granted as well.

## II.    Plaintiff's Motions

On October 6, 2016, Plaintiff filed a "Dispositive Motion for Judgment in His Favor" (ECF No. 49). The Court construes Plaintiff's motion as a motion for summary judgment on his claims of excessive force against Defendant Jones and deliberate indifference against Defendant Pleas. Because the Court recommends that Defendants' motion for summary judgment should be granted on both of Plaintiff's claims, the Court recommends that Plaintiff's motion for summary judgment be denied.

On September 2, 2016, Plaintiff filed a motion to compel (ECF No. 45), requesting that the Court require Defendants to respond to Plaintiff's Rule 33 interrogatories (ECF Nos. 34, 35) which were submitted to the Court on July 28, 2016. Plaintiff alleges that Defendants failed to respond to those interrogatories. Mot. to Compel 1, ECF No. 45. Defendants responded on September 14, 2016, alleging that they responded to all of Plaintiff's interrogatories. Resp. to Mot. to Compel 2, ECF No. 46.

In his "Dispositive Motion for Judgment in His Favor," Plaintiff cites to Defendants' responses to interrogatories as evidence to support his motion. Dispositive Mot. for J. in His Favor 11-19, ECF No. 49. Thus, it is clear that Plaintiff has received the responses to interrogatories he requests in his motion to compel. Accordingly, the Court denies Plaintiff's first motion to compel.

On December 1, 2016, Plaintiff filed another motion to compel (ECF No. 57), requesting that the Court require Defendants to submit to Plaintiff documents from Plaintiff's Rule 34 production requests (ECF Nos. 40, 41) which were submitted to the Court on August 25, 2016. Plaintiff alleges that Defendants failed to provide Plaintiff with the documents he requested. Mot. to Compel 1-2, ECF No. 57. Defendants responded on December 8, 2016, alleging that, even though Plaintiff's requests were untimely, they responded in good faith to Plaintiff's production requests. Resp. to Mot. to Compel 2-3, ECF No. 61. Defendants also submitted copies of each of their responses to Plaintiff's production requests which were sent to Plaintiff on November 15, 2016. Resp. to Mot. to Compel Exs. A, B, ECF No. 61. Thus, it is clear that Plaintiff has received Defendants' responses to his production requests. Accordingly, the Court denies Plaintiff's second motion to compel.

## CONCLUSION

For the foregoing reasons, it is recommended that Defendants' motion for summary judgment (ECF No. 50) be granted and that Plaintiff's "Dispositive Motion for Judgment in His Favor" (ECF No. 49) be denied as moot. Plaintiff's motions to compel (ECF Nos. 45, 57) are denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve

and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 21st day of June, 2017.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

11